IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO.: 1:18-CR-407 |
| ALEKSANDR BROVKO, | |
| a/k/a, | |
| Александр Владимирович БРОВКО, | |
| a/k/a, | **Filed Under Seal** |
| Alexander Brovko, | |
| Defendant. | |

GOVERNMENT'S MOTION TO SEAL INDICTMENT AND ARREST WARRANT
PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the indictment and arrest warrant, as well as this Motion to Seal and proposed Order, until the defendant makes his first appearance in this District. The United States requests that the Order to Seal permit the United States to provide copies of the indictment, arrest warrant, and other information to Interpol, U.S. law enforcement, and/or foreign government personnel in connection with efforts to locate, arrest, and extradite the defendant.

I.      **REASONS FOR SEALING** (Local Rule 49(B)(1))

1.      The U.S. Secret Service is investigating defendant Aleksandr Brovko for hacking-

related fraud activities in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1029(b)(2).

2.  Premature disclosure of the charges against the defendant would jeopardize an ongoing criminal investigation by allowing the defendant, who is criminally sophisticated and resides overseas, to flee, evade U.S. law enforcement, tamper with or destroy evidence, or otherwise hinder the investigation. In particular, U.S. law enforcement believes that the defendant, if alerted to the charges, may alter his travel patterns so as to avoid arrest in foreign jurisdictions likely to aid the United States in apprehending him.

**II.   REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

3.  The Court has the inherent power to seal indictments and arrest warrants. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment and arrest warrant is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's ongoing investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F. Supp. 366 (D. Kan. 1992).

**III.  PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(B)(3))

4.  The indictment would need to remain sealed until the defendant makes an initial

2

appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

5. Upon occurrence of the event specified in paragraph 4, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the indictment and arrest warrant, as well as this Motion to Seal and proposed Order, be sealed until the defendant makes an initial appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure, except that the indictment, arrest warrant, and other information may be provided to Interpol, U.S. law enforcement, and/or foreign government personnel in connection with efforts to locate, arrest, and extradite the defendant.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: *[signature]*
Laura Fong
Assistant United States Attorney