FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 1:18-cr-407 |
| ALEKSANDR BROVKO, | |
| Defendant. | **UNDER SEAL** |

## MOTION ORDERING CLERK'S OFFICE TO CERTIFY AND DOCKET A REDACTED VERSION OF THE INDICTMENT FOR PURPOSES OF EXTRADITION AND FUTURE PROCEEDINGS

The United States of America, by and through its undersigned counsel and pursuant to Local Criminal Rule 49, moves to continue sealing the case and to order the Clerk's Office to certify and docket a redacted version of the indictment for purposes of extradition and future criminal proceedings. The only redaction the government seeks is the redaction of "A.T." – the initials of a confidential government source. A copy of the indictment containing the proposed redactions is attached as Exhibit A. The United States learned, on April 23, 2019, that the Clerk's Office would be unable to certify a redacted copy of the indictment without a Court order. A Clerk's Office certification is required to appear on copies of the indictment that accompany the papers the United States submits to a foreign government in support of an extradition request.

The reasons for the redaction are as follows: at the time of the indictment, the government was unaware of specific circumstances that could lead to witness tampering or intimidation and thus included the government source's initials in the indictment. Unfortunately, the government has since learned of efforts by the Russian government to identify and interview potential cooperators in the Washington, D.C. area, including the confidential government source. The information obtained by the government appears to indicate that the Russian government may be

aware that "A.T" is working with the United States. The United States believes that the Russian government could take steps to impede his cooperation in the above-captioned case or otherwise frustrate efforts of the United States to extradite the defendant.

These sensitivities and the limited nature of the proposed redactions warrant the government's request for the Clerk's Office to certify and docket a redacted version of the indictment. In addition, continued sealing of the case is within the discretion of this Court is warranted and may be granted "for any legitimate prosecutorial need." *United States v. Ramey*, 791 F.2d 317, 321 (4th Cir. 1986); *see also, Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989). The United States further requests that this motion and the proposed Order accompanying the motion remain under seal.

### I. Granting of Previous Motion to Seal and Continued Need for Sealing

On November 8, 2018, a grand jury in this District returned a true bill for the indictment in this case. On that same day, the Court granted the government's request to have the case sealed. The government's reasons for sealing, at the time, were to prevent the defendant's flight from prosecution, the destruction of or tampering with evidence, the intimidation of potential witnesses, and other circumstances that could jeopardize the investigation. That rationale was underscored by the fact that the defendant is a sophisticated cybercriminal located overseas who was likely to search publicly available information to determine whether he was under investigation and indictment in the United States and could take steps to evade the efforts of the United States to locate, arrest, and extradite him. Because the defendant has not yet been arrested, the government maintains its request that the case continue to be sealed.

### II. Serious Concerns Necessitate Docketing and Certifying a Redacted Version of the Indictment

Serious concerns necessitate redacting the initials, "A.T." from the indictment. The government is aware of efforts by the Russian government to impede ongoing criminal

investigations. During the past year, a government source in a different, unrelated criminal case in this District, was approached by the Russian government, who elicited information from the source about his cooperation about the United States. In addition, the Russian government attempted to meet with the government source in this case at or around the time the alleged Russian spy, Maria Butina, who has been charged by the U.S. Attorney's Office in the District of Columbia, began regularly meeting with Russian consular officials in the Alexandria Detention Center, where she and the government's source were both detained at the time.

### III. A Redacted Version of the Superseding Indictment Would Balance the Interests of the United States and the Interests of the Defendant

The United States has considered less drastic alternatives and has determined that none suffice to protect this investigation. The limited redactions will not prevent the country receiving the extradition paperwork or the defendant, who will eventually receive a copy of the redacted indictment, from understanding the nature of the charges because the indictment contains a thorough description of the criminal offenses.

### CONCLUSION

For the foregoing reasons, the United States requests that the case remain under seal; that the Clerk's Office be ordered to certify and docket a redacted copy of the indictment; and that this motion and the proposed Order accompanying the motion remain under seal.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

_____
Laura Fong
Assistant United States Attorney