

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:18-CR-407 |
| v. | The Honorable T.S. Ellis, III |
| ALEKSANDR BROVKO,<br>a/k/a "Alexander Brovko", | |
| *Defendant*. | |

## PROTECTIVE ORDER

This matter comes before the Court upon the Consent Motion of the United States and Defendant Aleksandr Brovko a/k/a Alexander Brovko seeking a Protective Order (hereinafter, the "Order") pursuant to Fed. R. Crim. P. 16(d), and 18 U.S.C. § 3771(a). The Order seeks to prevent the unauthorized disclosure or dissemination of discovery provided by the government in this case, including information relating to the privacy of third parties.

The Court finds good cause to institute a protective order to regulate discovery in this case, as provided in Fed. R. Crim. P. 16(d) and **HEREBY ORDERS**:

1. All of the materials and information provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this Order and may be used by the defendant and defense counsel (herein defined as counsel of record and any attorney, paralegal, investigator, translator, litigation support personnel, and secretarial staff employed by defense counsel, and who is assigned to assist in the preparation of the defense) solely in connection with the defense of this criminal case, and for no

other purpose, and in connection with no other proceeding, without further order of this Court. The materials include all information provided by the United States in connection with discovery, regardless of form, and includes information provided physically, electronically, or orally.

2. Neither the defendant nor defense counsel may disclose the materials or their contents directly or indirectly to any person or entity other than an authorized person as defined in this paragraph and under the circumstances described in this Order. Authorized persons shall be limited to: (a) persons retained by defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; (c) counsel for potential witnesses; and (d) other persons to whom the Court may authorize disclosure.

3. Defense counsel, the defendant, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defense counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. Authorized persons may be shown copies of the materials as necessary to prepare the defense but may not retain copies without prior permission of the Court.

4. Defense counsel, the defendant, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. A copy of this Order shall be kept with printed copies of the materials at all times. An electronic copy of this Order shall be available for review on any database housing the materials.

7. Upon conclusion of all stages of this case, and to the extent consistent with the ethical responsibilities of defense counsel, the materials and all copies made thereof shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed or (2) returned to the government. The Court may require a certification as to the disposition of any such materials.

8. To the extent any material is produced by the government to defense counsel by mistake, the government shall have the right to the return of such material and shall request any such return in writing. Within five days of the receipt of a request to return such materials, defense counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored. Defense counsel shall have the right to file an objection with the Court to the return of any such material if such material is discoverable in this case.

9. The restrictions set forth in this section of the Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described below, shall be filed under seal and, if necessary, with other handling caveats, to the extent necessary to protect such information, absent prior permission from this Court.

6

**Sensitive Materials**

10.     Certain materials to be disclosed by the government contain particularly sensitive information, including personal identifying and confidential information, such as dates of birth, social security numbers, physical addresses, or payment card numbers (hereinafter, "Sensitive Materials"). Where Sensitive Materials are produced electronically on disc or external drive, the government shall provide these items to defense counsel in a password protected format. Although only the physical disc or drive (and not the individual electronic files) must be labeled "Sensitive Materials," Paragraphs 10 to 18 only apply to the individual items that contain personal identifying or confidential information.

11.     In the first instance, disclosure of Sensitive Materials shall be limited to the defendant and defense counsel, as defined above. If the defendant and defense counsel believes it necessary to disclose Sensitive Materials to additional parties—including but not limited to (a) persons retained by defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; and (c) counsel for potential witnesses—defense counsel may make such a disclosure but must (a) provide the parties with a copy of this Order; and (b) obtain a certification from the parties that he or she has read, understands, and agrees to the terms of this Order and has manifested his or her assent to be bound thereby, and to be subject to the jurisdiction of this Court.

12.     Except for defense counsel and the defendant, no person is permitted at any time to inspect or review Sensitive Materials outside of the offices of defense counsel, without prior permission from of this Court. When an authorized person other than the defendant or defense counsel reviews Sensitive Materials at defense counsel's offices, the defense counsel or a

designated and identified employee of defense counsel must accompany that person at all times while he or she is reviewing the Sensitive Materials, unless otherwise authorized by this Court.

13. The defendant is permitted to inspect or review Sensitive Materials outside of the offices of defense counsel without prior permission from of this Court. However, defense counsel or a designated and identified employee of defense counsel must accompany the defendant at all times while he is reviewing Sensitive Materials, unless otherwise authorized by this Court.

14. Neither the defendant nor defense counsel shall copy or reproduce Sensitive Materials except in order to provide copies of the materials for use by the defendant or defense counsel in connection with this criminal case. Copies and reproductions shall be treated in the same manner as the original Sensitive Materials, as described herein. Authorized persons may not copy or reproduce Sensitive Materials and may not retain any copies of Sensitive Materials.

15. Neither the defendant nor defense counsel shall disclose any notes or records of any kind that they make in relation to the contents of Sensitive Materials, other than to authorized persons and only in the manner described herein. All such notes or records are to be treated in the same manner as the original materials.

16. Sensitive Materials shall not be copied or reproduced without prior permission from this Court, except that the defendant and defense counsel may make copies for use exclusively by defense counsel in connection with this criminal case. Sensitive Materials shall be maintained in a locked room at defense counsel's offices when they are not in use.

17. Absent prior permission from the Court, Sensitive Materials and the content of Sensitive materials shall not be included in any public filing with the Court, and instead shall be submitted under seal or, where appropriate, redacted in accordance with Federal Rule of

8

Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide To February 15, 2005 Local Rule Amendments Concerning Personal Identifiers.

18.  Nothing in this Order shall restrict use by the defense of Sensitive Materials during the defense's investigation of the allegations and preparation of his defenses or introduction as evidence at trial, except that the defense will notify the government prior to trial of any Sensitive Materials that it wishes to introduce at trial so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary.

19.  Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

**IT IS SO ORDERED.**

Date: 12/20/19
Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge