**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:18-CR-407 |
| v. | The Honorable T.S. Ellis, III |
| ALEKSANDR BROVKO<br>a/k/a "Alexander Brovko"<br><br>*Defendant.* | |

## ORDER ON SPEEDY TRIAL

This matter comes before the Court pursuant to the arraignment held on December 20, 2019, directing the government to submit an order addressing the scheduling of a trial outside the deadline provided for by the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.* At the arraignment held on December 20, the parties requested a waiver of the Speedy Trial Act and a continuance of the trial until after the speedy trial deadline of February 17, 2020. For the reasons stated from the Bench and herein, the Court will grant the defendants' Motion.

Pursuant to the Speedy Trial Act, the delay resulting from a continuance may be excluded from the calculation of the speedy trial deadline based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The statute further provides multiple factors that the Court shall consider in determining whether to grant a continuance.

Grounds exist for a continuance in this case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), which provides that in cases that are unusual or complex the Court must consider whether it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within

the time limits set forth in the Speedy Trial Act. This is so for the following reasons. First, this case is complex. It involves a defendant who was apprehended overseas on charges of conspiracy to commit wire fraud and bank fraud and conspiracy to commit access device fraud. Second, according to the government, there is substantial discovery in this case, including records from multiple electronic devices and cloud accounts, as well as records from an online forum that include communications that are in need of translation. Third, the defendant's counsel has represented to the Court that counsel will need an extension of the speedy trial deadline in order to adequately prepare for trial.

The Court therefore **FINDS**, based on the representations of the government and defense counsel, that, as provided for in 18 U.S.C. § 3161(h)(7)(B)(ii), this case is so complex due to the nature of the prosecution that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

The Court further **FINDS**, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice are served by commencing the trial on April 7, 2020, and that in so delaying the trial the ends of justice served outweigh the best interest of the public and the defendant in a speedy trial.

Accordingly, it is hereby **ORDERED** that the period of delay resulting from the Court's continuance upon the defendants' motion—the period from December 20, 2019 to April 7, 2020—shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act.

Alexandria, Virginia
December ___, 2019                    _____
                                      The Honorable T.S. Ellis, III
                                      United States District Judge