

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-CR-407 |
| v. | The Honorable T.S. Ellis, III |
| ALEKSANDR BROVKO, | |
| *Defendant.* | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on February 20, 2020, the defendant, Aleksandr Brovko, pleaded guilty to count one of the Indictment charging the defendant with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349, and agreed to the entry of a forfeiture money judgment and the forfeiture of property that is the subject of this order;

WHEREAS, the defendant obtained at least $137,000.00 during his participation in the conspiracy to commit wire fraud and bank fraud, an amount for which the defendant will be solely liable;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4) and 43(a) with respect to notice in the Indictment that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States of America shall have a forfeiture money judgment, pursuant to Fed. R. Crim. P. 32.2 (b)(1) & (2), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2)(A), against the defendant, Alexander Brovko, for $137,000.00, an amount that represents the illegal proceeds the defendant personally obtained during his participation in the conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349, an amount for which the defendant shall be solely liable.

2. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(2)(A, and the defendant forfeits the following property constituting or derived from proceeds the defendant obtained during his participation in the conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349:

     a. Miscellaneous SD cards, bearing no serial numbers;

     b. Miscellaneous Thumb Drives bearing no serial numbers;

     c. a MacBook laptop, including all hardware, software and data stored therein;

     d. a MacBook image;

     e. a Seagate 80 gigabyte external hard disk drive, serial number ST980811AS;

     f. a Western Digital 250 gigabyte external hard disk drive, serial number WD2500BEVS;

     g. a Western Digital 160 gigabyte external hard disk drive, serial number WD1600BEVT;

     h. a Seagate 250 gigabyte external hard disk drive, serial number ST3250318AS;

     i. a Western Digital 500 gigabyte external hard disk drive, serial number WD5000BPKX;

     j. a Maxtor 100 gigabyte external hard disk drive, serial number

2

STM31000528AS;

k.  a Seagate 250 gigabyte external hard disk drive, serial number 5000C50037E23372;

l.  a Seagate 2000 gigabyte external hard disk drive, serial number ST2000DL003;

m.  a Samsung mobile phone, model number GT-S7230E;

n.  a LG mobile phone, model number LG-D320N;

o.  a Samsung mobile phone, model number SM-A300FU;

p.  a Nokia mobile phone, model number Xl-01;

q.  a Nokia mobile phone, model number 100;

r.  a Samsung mobile phone, model number SM-A3l0F;

s.  a Samsung mobile phone, model number R3XQA66935X; and

t.  a Samsung mobile phone, model number GT-I8200N

3.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and pursuant to Fed. R. Civil P. 45, the issuance of subpoenas.

4.  The Attorney General, Secretary of the Treasury, The Secretary of Homeland Security, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

5.   The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government=s Internet site, www.forfeiture.gov, for 30 consecutive days, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

6.   This forfeiture order is final as to the defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and 21 U.S.C. § 853 (a).

7.   Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

8.   If no third party files a timely petition this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

9.     If this Court grants any third-party rights, a Final Order of Forfeiture that amends

this Order as necessary to account for said third party rights, shall be entered pursuant to

Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

Date: _____

Alexandria, Virginia

T. S. Ellis, III

United States District Judge

District Judge T. S. Ellis, III

WE ASK FOR THIS:

G. Zachary Terwilliger
United States Attorney
Eastern District of Virginia

By: _____

Laura Fong
Senior Trial Attorney
Computer Crime & Intellectual Property Section
U.S. Department of Justice

Alexander P. Berrang
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia

_____

Aleksandr Brovko
Defendant

_____

Shannon Quill, Esq.
Counsel for the Defendant

5