**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEKSANDR BROVKO,<br><br>        *Defendant*. | Case No. 1:18-CR-407<br><br>The Honorable T. S. Ellis, III |

**NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF
GOVERNMENT'S MOTION TO SEAL**

The United States of America, through undersigned counsel, and pursuant to Local Criminal Rule 49 of the U.S. District Court for the Eastern District of Virginia, respectfully requests that the Court seal the documents that are the subject of this motion to seal. In support of its request, the government states as follows:

1.      The Court has the inherent power to seal materials submitted to it. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing of a document is appropriate where there is a substantial probability that the release of the sealed document would compromise the government's on-going investigation severely.  See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988);

<u>Matter of Eye Care Physicians of America</u>, 100 F.3d 514, 518 (7th Cir. 1996); <u>Matter of Flower</u>

<u>Aviation of Kansas, Inc.</u>, 789 F. Supp. 366 (D. Kan. 1992).

   2.  Sealing is necessary because premature disclosure of the information described in the

accompanying documents would jeopardize an ongoing criminal investigation, place witnesses or

agents in jeopardy, or lead to the destruction of evidence. The government has considered

procedures other than sealing and none will suffice to protect this information from disclosure.

   3.  The materials to be filed under seal would need to remain sealed until further order

of the Court. The United States has considered alternatives less drastic than sealing and has found

none that would suffice to protect this information.

   4.  A proposed Order is attached.

  WHEREFORE, the United States respectfully requests that the accompanying documents be

sealed until further Order of the Court.

          Respectfully Submitted,

          Jessica D. Aber
          United States Attorney

   By:     /s/
          Jonathan S. Keim
          Assistant United States Attorney
          United States Attorney's Office
          2100 Jamieson Avenue
          Alexandria, Virginia 22314
          Phone: (703) 299-3700
          Fax: (703) 299-3981
          Email: jonathan.keim@usdoj.gov

          Laura Fong
          Senior Trial Attorney
          Computer Crime and Intellectual Property Section
          Criminal Division

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to counsel of record in this case. I also provided an electronic copy to all counsel of record by means of electronic mail.

Respectfully Submitted,

Jessica D. Aber
United States Attorney

By:        /s/

Jonathan S. Keim
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: jonathan.keim@usdoj.gov