IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEKSANDR BROVKO,<br><br>*Defendant.* | Case No. 1:18-CR-407<br><br>The Honorable T. S. Ellis, III |

## **ORDER**

Upon motion of the United States pursuant to Local Criminal Rule 49, the Court finds that sealing of the documents accompanying the Motion to Seal is necessary to prevent disclosure of information contained in the documents, including information that if disclosed, would jeopardize an ongoing criminal investigation, place witnesses or agents in jeopardy, or lead to the destruction of evidence. The Court finds that this interest outweighs any competing interest in the public's right of access. Accordingly, it is hereby

ORDERED that the government's motion is granted. The Court has the inherent power to seal materials submitted to it. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the attached documents is appropriate where there is a substantial probability that the release of the sealed documents would compromise the

government's on-going investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F. Supp. 366 (D. Kan. 1992).

The United States and the Court have considered alternatives less drastic than sealing and have found none that would suffice to protect the information subject to sealing.

It is further ORDERED that the motion filed under seal remain sealed until there is no longer a need for continued sealing. The government will file a motion to unseal the documents as soon as circumstances permit unsealing.

It is SO ORDERED.

_____
Honorable T.S. Ellis, III
United States District Judge

Date: Oct. 18, 2022
Alexandria, Virginia