UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 1:18CR407 |
| ) | Honorable T.S. Ellis, III |
| ALEKSANDR BROVKO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO SEAL, NOTICE OF FILING OF MOTION TO SEAL AND MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

Pursuant to Local Criminal Rule 49(E), the defendant, Aleksandr Brovko, through counsel, hereby moves this Court to seal certain documents accompanying this motion. A proposed Order is attached for the Court's consideration.[1]

I.   Item to be Sealed and Necessity for Sealing

    A.   The defendant asks the Court to seal the documents that are the subject of this motion to seal.

    B.   In accordance with a similar motion filed by the United States in this matter (ECF Doc. 51 and 52), sealing is necessary because premature disclosure of the information described in the accompanying documents would jeopardize an ongoing criminal investigation. Counsel for the defendant has considered procedures other than sealing and none will suffice to protect this information from disclosure.

---

[1]   The document to be sealed will be filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures (*see* p. 16). Pursuant to the Local Rules, the sealed document is to be treated as sealed pending the outcome of this motion.

II. Previous Court Decisions Which Concern Sealing Documents

A. The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

B. This Court previously has sealed documents in this case dealing with the same or similar subject matters as the material sought to be sealed in this matter. *See* ECF Doc. 54.

III. Period of Time to Have the Document Under Seal

A. The material to be filed under seal would need to remain sealed permanently or until unsealed by the Court.

\* \* \*

Accordingly, the defendant respectfully requests that an Order be entered sealing the accompanying documents until further Order of the Court. An appropriate Order is attached.

Dated: October 25, 2022

-3-

Respectfully submitted,

ALEKSANDR BROVKO

By Counsel,


By:  /s/
Shannon S. Quill
Va. Bar # 76355
Assistant Federal Public Defender
Attorney for A. Brovko
1650 King Street, Suite 500
Alexandria, Virginia  22314
(703) 600-0850 (telephone)
(703) 600-0880 (facsimile)
Shannon_Quill@fd.org (email)